[Cite as *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.,* **121 Ohio St.3d 507, 2009-Ohio-1523.**]

THE STATE EX REL. SAWICKI, APPELLEE, *v.* COURT OF COMMON PLEAS OF

LUCAS COUNTY ET AL., APPELLANTS.

[Cite as *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.,*

**121 Ohio St.3d 507, 2009-Ohio-1523.**]

*Procedendo — Appeal from judgment granting writ of procedendo to compel a*
*common pleas court and judge to vacate a stay and proceed in underlying*
*action — Court of appeals' grant of writ reversed — Intervention —*
*Nonparties who were denied intervention lacked standing to appeal merits*
*of grant of procedendo.*

(No. 2008-1160 ─ Submitted February 3, 2009 ─ Decided April 8, 2009.)

APPEAL from the Court of Appeals for Lucas County,

No. L-07-1386, 2008-Ohio-2479.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a denial of a motion to intervene in a procedendo case and an appeal from a judgment granting a writ of procedendo to compel a common pleas court and its judge to vacate a stay and proceed in a pending medical-malpractice case. Because Associated Physicians of MCO, Inc. ("Associated") was denied intervention in the court of appeals, it lacks standing, and we dismiss the portion of its appeal that challenges the court's issuance of the writ. We affirm the judgment denying the motion to intervene. On the appeal by the Court of Common Pleas of Lucas County and Judge Gene A. Zmuda, because the court of appeals erred in granting summary judgment and issuing the writ of procedendo based upon an unargued and erroneous ground, we reverse the judgment of the court of appeals granting the writ of procedendo and remand the cause to that court for further proceedings upon the parties' motions for summary judgment.

**Common Pleas Case,** *Sawicki v. Temesy-Armos*

{¶ 2} The underlying case facts are alleged in the complaints filed by appellee, Henry J. Sawicki Jr. In early October 2003, Sawicki was referred to the former Medical College of Ohio Hospital[1] in Toledo by his primary-care physician after being diagnosed with atrial flutter. He was prescribed anticoagulant medication by Peter N. Temesy-Armos, M.D., but this therapy stopped when he complained of severe pain in his right groin. Sawicki's anticoagulant therapy was interrupted a couple more times but was finally discontinued after a CT scan of his abdomen revealed internal bleeding. Sawicki was then transferred to the hospital's intensive care unit, where a neurologist noted that he had developed an unstable gait, a loss of sensation over the anterolateral thigh, and a decreased sensation of the inner thigh on the right side. After being discharged from the hospital, Sawicki continued to experience severe pain, impairment of function, and significant numbness of the leg. He was eventually diagnosed with a proximal femoral nerve lesion causing atrophy of his leg.

{¶ 3} In September 2004, Sawicki filed a medical-malpractice action in the Lucas County Court of Common Pleas against Dr. Temesy-Armos and appellant Associated Physicians of MCO, Inc. ("Associated"). Sawicki's complaint alleged a claim of medical negligence against Dr. Temesy-Armos and a claim of respondeat superior against Associated for the doctor's alleged medical negligence. During Sawicki's treatment, Dr. Temesy-Armos was an employee of both the medical college and Associated.

{¶ 4} In 2006, Judge Thomas J. Osowik dismissed Sawicki's claims against Dr. Temesy-Armos because the doctor was a state employee at the time of the alleged malpractice, and the Court of Claims had exclusive jurisdiction to

---

1. According to appellant, this facility is now known as the University of Toledo Medical Center.

determine whether Dr. Temesy-Armos was immune from liability. Judge Osowik refused, however, to dismiss Associated from the case because even if Dr. Temesy-Armos was immune, Associated, which was his private employer, could still be liable for his actions under the doctrine of respondeat superior.

{¶ 5} The case was subsequently dismissed without prejudice and refiled in the common pleas court. On August 24, 2007, Judge Zmuda issued an entry staying the remaining respondeat superior claim against Associated "pending a ruling from the Ohio Court of Claims as to whether Dr. Temesy Armos was acting within the scope of employment with [the Medical College of Ohio] at the time he rendered treatment to [Sawicki] and subject to personal immunity as a state employee."

### Procedendo Case

{¶ 6} In November 2007, Sawicki filed a complaint in the Court of Appeals for Lucas County for a writ of procedendo to compel appellants Lucas County Court of Common Pleas and Judge Zmuda to vacate the stay and proceed to judgment on his claim against Associated. The court of appeals denied Associated's motion to intervene. Sawicki filed a motion for summary judgment, and the common pleas court and Judge Zmuda filed a cross-motion for summary judgment.

{¶ 7} In May 2008, the court of appeals granted Sawicki's motion for summary judgment, denied the cross-motion for summary judgment, and granted a writ of procedendo ordering Judge Zmuda to vacate the stay and proceed in the underlying medical-malpractice case.

{¶ 8} This case is now before us upon Associated's appeal, the common pleas court and Judge Zmuda's appeal, and Sawicki's motion to dismiss Associated's appeal.

### Motion to Dismiss Associated's Appeal: Denial of Motion to Intervene

**{¶ 9}** On June 16, 2008, Associated filed a notice of appeal from both the court of appeals' January 14, 2008 entry denying its motion to intervene in the procedendo action and the May 22, 2008 judgment granting the writ of procedendo.

**{¶ 10}** Sawicki has filed a motion to dismiss Associated's appeal. He first argues that insofar as Associated challenges the entry denying its motion to intervene, Associated's appeal was not filed within the applicable period after the January 14, 2008 entry. The Supreme Court Rules of Practice govern appeals from a court of appeals to the Supreme Court. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 19. "To perfect an appeal from a court of appeals to the Supreme Court, * * * the appellant shall file a notice of appeal in the Supreme Court within 45 days from the entry of the judgment being appealed." S.Ct.Prac.R. II(2)(A)(1)(a). If an appeal is filed more than 45 days after the entry of the judgment being appealed, it is untimely and must be dismissed. See, e.g., *State v. Williams*, 116 Ohio St.3d 1516, 2008-Ohio-497, 880 N.E.2d 924.

**{¶ 11}** Appeals as a matter of right may be taken to the Supreme Court in cases originating in courts of appeals, including actions involving extraordinary writs. Section 2(B)(2)(a)(i), Article IV, Ohio Constitution; *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 4. "R.C. 2505.03 restricts the appellate jurisdiction of this court to the review of final orders, judgments, or decrees." *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 17.

**{¶ 12}** Sawicki claims that because the court of appeals' denial of Associated's motion to intervene was a final, appealable order, Associated was required to appeal the court's decision within 45 days of its entry on January 14, 2008, but failed to do so. Sawicki contends that the denial of the motion to

4

intervene is a final, appealable order because it affects a substantial right in an action that in effect determines the action.

{¶ 13} "R.C. 2505.02 defines a final order for purposes of appeal." *Downs*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 18. Under R.C. 2505.02(B)(1), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 14} "There is no authority to support the general proposition that [the denial of a] motion to intervene always constitutes a final, appealable order." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 36. Although intervention constitutes a substantial right under R.C. 2505.02(A)(1), "[t]he denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents the judgment." Id. at ¶ 29 and paragraph three of the syllabus.

{¶ 15} Associated sought to intervene in the procedendo case because "a decision in favor of [Sawicki] on his Complaint in Procedendo would impair or impede its ability to protect its interest in the underlying" medical-malpractice case. But Associated could litigate the substance of the medical-malpractice case in that case. In fact, in Sawicki's memorandum in opposition to Associated's motion to intervene, he conceded that resolution of the procedendo case would not "in [any way] impair or impede [Associated's] ability to protect its interests in the underlying litigation."

{¶ 16} In addition, "[f]or an order to determine the action, it must dispose of the merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894 N.E.2d 303, ¶ 8. The

court of appeals' denial of Associated's motion to intervene did not dispose of the merits of either the procedendo case or the underlying medical-malpractice case or a distinct branch of either.

{¶ 17} Therefore, because the entry denying its motion to intervene did not constitute a final, appealable order, Associated timely challenges that entry in its appeal. We thus deny Sawicki's motion to dismiss to the extent it challenges Associated's appeal from the denial of its motion to intervene.

### Motion to Dismiss Associated's Appeal: Judgment on the Merits

{¶ 18} Sawicki also seeks to dismiss that portion of Associated's appeal that challenges the propriety of the court of appeals' issuance of the writ of procedendo. It is well settled that "an appeal from the denial of a motion to intervene is limited solely to the issue of intervention." *State ex rel. Montgomery v. Columbus*, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶ 33; *Tomrob, Inc. v. Cuyahoga Metro. Hous. Auth.* (Sept. 11, 1997), 8th Dist. Nos. 71596 and 71688, 1997 WL 565971, * 3 (appeal from denial of a motion to intervene "is limited solely to the issue of intervention, not the merits of the underlying appeal"); *Fouche v. Denihan* (1990), 66 Ohio App.3d 120, 126, 583 N.E.2d 457; cf. *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 11 ("We hold that a person's assertion that it has a legal right to be a party to the BTA appeal makes it a 'party' * * * for one limited purpose: to seek the court's determination of whether the asserted right exists"). As a nonparty, Associated lacks standing to challenge the court of appeals' determination on the merits. *Montgomery* at ¶ 33.

{¶ 19} Associated's reliance on our decision in *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, to avoid the foregoing precedent is misplaced because in that case, we did not decide whether nonparties who had been denied intervention lacked standing to appeal the merits of the procedendo case. Instead, our

6

disposition of the case rendered moot any decision concerning the motions to intervene. Id. at ¶ 51.

{¶ 20} Therefore, we grant Sawicki's motion in part and dismiss that portion of Associated's appeal that challenges the court of appeals' grant of the writ of procedendo.

### Associated's Appeal: Denial of Motion to Intervene

{¶ 21} On that portion of Associated's appeal that is properly before us, the court of appeals did not err by denying Associated's motion to intervene because Associated did not file any pleading with its motion. *State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections*, 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 22. "Civ.R. 24(C) requires that any * * * motion [to intervene] be accompanied by a pleading 'setting forth the claim or defense for which intervention is sought.' " *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 11; see generally *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 12, fn. 1, and cases cited therein. Although the court of appeals did not rely on this ground in its decision denying Associated's motion to intervene, " '[r]eviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous.' " *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 12, quoting *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8.

{¶ 22} Therefore, we affirm the judgment of the court of appeals denying Associated's motion to intervene.

### Appeal of Lucas County Court of Common Pleas and Judge Zmuda

{¶ 23} In their appeal, the named respondents in the procedendo action, the common pleas court and Judge Zmuda ("judicial appellants"), assert that the court of appeals erred in granting the writ of procedendo. The judicial appellants

initially assert that the court of appeals erred in granting summary judgment because the decision was based upon an argument that was not raised in Sawicki's motion for summary judgment. The court of appeals granted Sawicki's summary-judgment motion and granted the writ of procedendo based on its holding that in the underlying medical-malpractice case, Sawicki sought a declaratory judgment, which the judicial appellants had jurisdiction to determine within the exception specified in R.C. 2743.03(A)(2):

{¶ 24} "In our view, when a plaintiff sues a dual-status employee (both privately and state employed) solely upon the basis of the defendant's non-state employee status, then *the initial determination of the employee's status during the alleged injury becomes more in the nature of a declaratory judgment.* * * *

{¶ 25} "In this case, relator's complaint in the trial court sought recovery only from Associated Physicians and Dr. Temesy-Armos on the basis of his private employment. Thus, *the determination of the scope of his private employment status is within the exceptions provided by R.C. 2743.03(A)(2)* and no prejudice will occur to the state. As a result, we conclude that the Court of Claims does not have exclusive jurisdiction and [Judge Zmuda] retains jurisdiction to determine the employment status of Dr. Temesy-Armos. Therefore, [Judge Zmuda] improperly granted a stay, pending such determination by the Court of Claims." (Emphasis added.) *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, Lucas App. No. L-07-1386, 2008-Ohio-2479, ¶ 7-8.

{¶ 26} The court of appeals erred in so holding. Sawicki did not raise a declaratory judgment or R.C. 2743.03(A)(2) argument in his motion for summary judgment or in his reply to the judicial appellants' memorandum in opposition and cross-motion for summary judgment.

{¶ 27} As the same court of appeals has itself long recognized, "[i]t is reversible error to award summary judgment on grounds not specified in the motion for summary judgment." See *Patterson v. Ahmed*, 176 Ohio App.3d 596,

2008-Ohio-362, 893 N.E.2d 198, ¶ 14, and the various Sixth District Court of Appeals cases cited therein; see also *Ranallo v. First Energy Corp.*, 11th Dist. No. 2005-L-187, 2006-Ohio-6105, ¶ 26; *Butler v. Harper*, 9th Dist. No. 21051, 2002-Ohio-5029, ¶ 28. By relying on an unargued summary-judgment ground, the court of appeals denied the judicial appellants a meaningful opportunity to respond. See *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus ("A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond").

{¶ 28} Moreover, even if that ground had been argued in Sawicki's motion for summary judgment, the court of appeals' reliance on it to grant the requested extraordinary relief in procedendo would have been erroneous. Under Section 16, Article I of the Ohio Constitution, "[s]uits may be brought against the state, in such courts and in such manner, as may be provided by law." In 1975, the "General Assembly enacted legislation [R.C. Chapter 2743, the Court of Claims Act] creating the Court of Claims and specifying the forum and manner in which actions may be brought against the state and its officers and employees." *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 286, 595 N.E.2d 862. "Under the Court of Claims Act, the state 'waives its immunity from liability' and 'consents to be sued' in the Court of Claims." *Johns v. Univ. of Cincinnati Med. Assocs., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, ¶ 16, quoting R.C. 2743.02(A)(1).

{¶ 29} R.C. 2743.03(A)(2) provides that if the claimant in a civil action against the state permitted by the waiver of immunity contained in R.C. 2743.02 "also files a claim for declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil

action." R.C. 2743.03(A)(2) recognizes an exception to the foregoing general provision: "This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which *the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.*" (Emphasis added.)

{¶ 30} In granting the writ of procedendo, the court of appeals held that a resolution of Sawicki's underlying medical-malpractice case required a determination of an issue in the nature of a declaratory judgment that fit within the R.C. 2743.02(A)(2) exception to the general rule that cases brought against the state be initially brought in the Court of Claims. But Sawicki's medical-malpractice case does not seek a declaratory judgment as the "sole relief." Instead, Sawicki seeks monetary damages. In addition, as the underlying case is now limited to his claim against Associated, he does not seek relief against the state.

{¶ 31} Therefore, the court of appeals erred in granting summary judgment in favor of Sawicki on this unargued and incorrect basis.

**Conclusion**

{¶ 32} Based on the foregoing, we reverse the judgment granting the writ of procedendo and remand the cause to the court of appeals for further proceedings based upon the parties' motions and evidence. In so holding, we also deny Associated's motion for oral argument because the parties' briefs are sufficient to resolve the dispositive issues in the present appeal. See *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 11 ("notwithstanding the parties' contentions that this case raises issues of first impression and great public importance, the parties' briefs are sufficient to resolve the legal issues").

Judgment accordingly.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 33} I respectfully dissent from the decision to remand this matter for further proceedings. Instead, I would reverse the judgment of the court of appeals and deny the writ; grant the motion of Associated Physicians of MCO, Inc. ("Associated"), to intervene; and hold that Judge Zmuda correctly stayed the action because the Court of Claims has exclusive original jurisdiction under R.C.2473.02(F) to decide the issue of Dr. Temesy-Armos's status as a state employee at the time of the alleged negligence.

{¶ 34} I agree that the denial of the motion to intervene was not a final, appealable order; however, I believe that the court of appeals should have permitted Associated to intervene. If Associated can appeal only the denial of intervention, while the remaining parties proceed to the merits, Associated would be left with a hollow victory and no voice in the actual debate — an illogical result. I believe that *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, is persuasive. In that case, we determined that any error by the court of appeals in denying the motions to intervene was not prejudicial because the interveners' motions to dismiss would not have warranted a different result. Thus, the issue of intervention was moot. Id. at ¶ 51. Here, I believe that Associated's motion to intervene was not moot, and we should consider the merits of its appeal.

{¶ 35} As for the portion of Associated's appeal before the court, I disagree with the court's conclusion to deny intervention because Associated did not file a pleading with its motion. Associated did file a responsive pleading under Civ.R. 7(A) on January 4, 2008, that sufficiently addressed the issues.

**{¶ 36}** I believe we have plenary authority in extraordinary actions to consider this appeal as if it had been filed in this court originally. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 9. The parties have adequately briefed the issue of whether Judge Zmuda had the authority to stay the action in the court of common pleas until the Court of Claims decided the issue of Dr. Temesy-Armos's status as a state employee. Therefore, I would decide this case on the merits and deny the writ on the basis that Sawicki must first seek a determination in the Court of Claims as to Dr. Temesy-Armos's status *before* Sawicki may proceed in the common pleas court on a theory of respondent superior against Associated.

**{¶ 37}** There is no dispute that Dr. Temsey-Armos was a state employee. However, Sawicki is claiming that the doctor had dual employment, thus implicating the liability of Associated. The Court of Claims has exclusive jurisdiction to determine whether the doctor was acting in the scope of employment with the state at the time of the alleged negligence. *Johns v. Univ. of Cincinnati Med. Assoc., Inc.,* 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19.

**{¶ 38}** I believe that Sawicki filed his action in the court of common pleas only because he failed to timely file in the Court of Claims and is now trying to circumvent the statute of limitations. Even if the statute of limitations has expired, a court of common pleas lacks original jurisdiction to determine the issue of state employment. Furthermore, a party may not waive such a determination by the Court of Claims. See *State ex rel. Sanquily v. Court of Common Pleas of Lucas Cty.* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606. In that case, the court of appeals rejected a similar attempt to avoid filing in the Court of Claims. Sanquily had alleged that the doctor in the underlying civil case was a state employee and a loaned servant to a private hospital at the time of the malpractice. The doctor filed an action for prohibition to prevent the Lucas County Court of Common

Pleas from proceeding in the underlying case until the Court of Claims decided the issue of immunity. In allowing the writ, this court stated:

{¶ 39} "Irrespective of whether Sanquily was a 'loaned servant,' he was employed by the state when the cause of action arose. He was therefore an 'officer or employee' of the state for purposes of R.C. 2743.02(F). We therefore hold that the common pleas court's exercise of jurisdiction over the merits of the case is unauthorized by law until the Court of Claims decides whether Sanquily is immune from suit.

{¶ 40} " * * *

{¶ 41} "R.C. 2743.02(F) vests exclusive original jurisdiction in the Court of Claims to determine whether Sanquily is immune from suit. Until that court decides whether Sanquily is immune, the common pleas court is totally without jurisdiction over the litigation against him. Accordingly, Sanquily is entitled to a writ prohibiting the common pleas court from exercising jurisdiction over the merits of the case until the Court of Claims has decided whether he is entitled to personal immunity under R.C. 9.86 and whether the common pleas court has jurisdiction over the malpractice action." Id. at 79-81, 573 N.E.2d 606.

{¶ 42} Any liability imputed to Associated would arise only under a theory of respondent superior based on the negligence of Dr. Temesy-Armos while acting within the scope of his employment as a private physician. Regardless of whether Sawicki is pursuing an action against the state, only the Court of Claims may determine Dr. Temesy-Armos's employment status at the time of the alleged negligence – whether a state employee or a private physician. Sawicki cannot circumvent a determination by the Court of Claims merely by proceeding only against Associated.

{¶ 43} In *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 595 N.E.2d 862, we rejected Conley's attempt to avoid filing in the Court of Claims even when he had filed an affidavit waiving his claims against the state in an attempt to maintain

his action against a state employee in the court of common pleas. "Although Conley has waived any claim he had against the state, Shearer is still entitled to any immunity from suit that may exist. Such a rule bars plaintiffs with claims against state officers and employees from waiving claims against the state in the hope of maintaining an action against the officer or employee individually, thereby avoiding the jurisdictional prerequisite of R.C. 2743.02(F). Only after the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas." Id. at 288.

{¶ 44} In conclusion, I would reverse the judgment of the court of appeals and deny the writ. I also would grant Associated's motion to intervene. Therefore, I respectfully dissent.

_____

Barkan & Robon, Ltd., James M. Tuschman, and R. Ethan Davis, for appellee.

Marshall & Melhorn, L.L.C., Elizabeth E. Baer, and Kristen A. Connelly, for appellant Associated Physicians of MCO, Inc.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellants Court of Common Pleas of Lucas County and Judge Gene A. Zmuda.

_____