[Cite as *Geauga Savs. Bank v. Rickard*, 2013-Ohio-3863.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| GEAUGA SAVINGS BANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0052** |
| LAWRENCE P. RICKARD, et al., | : | |
| Defendant-Appellee, | : | |
| THE BOARD OF TRUMBULL TOWNSHIP TRUSTEES, | : | |
| | : | |
| Intervening Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 1081.

Judgment: Appeal dismissed.

*Michael D. Stultz*, Meyer & Kerschner, Ltd., 106 E. Market Street, P.O. Box 400, Tiffin, OH 44883 and *Christopher C. Camboni*, Meyer & Kerschner, Ltd., 4249 Easton Way, Suite 150, Columbus, OH 43219 (For Plaintiff-Appellee).

*Gary L. Pasqualone*, Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Defendant-Appellee).

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Intervening Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Proposed intervenor-appellant, the Board of Trumbull Township Trustees ("the Board"), appeals the trial court's entry denying its motion to intervene.

{¶2} A review of the docket in this matter reveals that this case arises from a foreclosure action involving two parcels of real estate in Trumbull Township. The Board claimed an equitable interest in the real estate by virtue of a constructive trust. However, on July 3, 2008, the Board also filed a breach of contract action in the trial court, under Case No. 2008 CV 925. The docket in that case reveals that there has been no monetary judgment awarded to the Board, nor has there been any determination entitling the Board to payment.

{¶3} In denying the Board's motion to intervene, the trial court explained in an October 9, 2012 judgment entry that " * * * a constructive trust has not been established when the [Board] has not yet established the claimed breach of contract or the amount of damages. * * * The issues that must be resolved as a prerequisite to making a claim in a foreclosure case must be litigated in Case No. 2008 CV 925."

{¶4} It is from the October 9, 2012 entry, that the Board filed a notice of appeal on November 6, 2012.

{¶5} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

2

{¶6} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315. Thus, the threshold requirement is that the order satisfies the criteria of R.C. 2505.02. See *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607. "There is no authority to support the general proposition that [the denial of a] motion to intervene always constitutes a final, appealable order." *Id.* at ¶36.

{¶7} R.C. 2505.02(B) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, * * * when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(A)(1) defines a substantial right as, "a right that * * * a statute * * * entitles a person to enforce or protect." Thus, the trial court's denial of the motion to intervene in this case only qualifies as a final, appealable order under R.C. 2505.02 if it affects a "substantial right" as defined by R.C. 2505.02(A)(1) and if it "in effect determines the action and prevents a judgment." R.C. 2505.02(B).

{¶8} The Ohio Supreme Court held that because "a motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right under R.C. 2505.02(A)(1)." *Gehm* at ¶29. Therefore, we must determine whether the denial of the motion in this case "in effect determines the action and prevents a judgment" pursuant to R.C. 2505.02(B).

{¶9} In *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, the Ohio Supreme Court discussed whether an appeal from a denial of a motion to intervene was a final and appealable order. In that case, the

3

appellate court denied the proposed party's motion to intervene, and the case was eventually appealed to the Ohio Supreme Court. In finding that the proposed intervenor's appeal was timely filed, the high court stated that because the motion to intervene was not a final, appealable order, it was proper for the proposed intervenor to wait until the case was disposed of to file its appeal. *Id.* The court found that "[a]lthough intervention constitutes a substantial right under R.C. 2505.02(A)(1), '[t]he denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B) that determines the action and prevents the judgment.'" *Id.* at ¶14, quoting *Gehm.*

{¶10} Here, the purpose for which the intervention was sought can be litigated in another action, Case No. 2008 CV 925. Thus, the trial court's October 9, 2012 denial of the motion to intervene does not affect a substantial right that determines the action and prevents a judgment. Therefore, there is no final and appealable order.

{¶11} Based on the foregoing discussion, this court concludes that the Board has not properly invoked our jurisdiction by basing the present appeal upon a final appealable order. Accordingly, at this juncture, we would not have the authority to review the actual merits of the "intervention" decision. This appeal is dismissed, sua sponte, for lack of a final appealable order.

{¶12} Appeal dismissed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

4