[Cite as *Soft Cloth, L.L.C. v. Dollar General Corp.*, 2016-Ohio-192.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SOFT CLOTH, LLC. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellant | |
| -vs- | Case No. 15 CA 14 |
| DOLLAR GENERAL CORPORATION,<br>ET AL. | O P I N I O N |
|     Defendant-Appellee | |

CHARACTER OF PROCEEDING:    Appeal from the Guernsey County Common
Pleas Court, Case No. 13-CV-379

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    January 15, 2016

APPEARANCES:

For Plaintiff-Appellant

C. KEITH PLUMMER
Tribbie, Scott, Plummer & Padden, LLC
139 West 8th Street
P.O. Box 640
Cambridge, Ohio 43725

For Defendant-Appellee

TYLER TARNEY
Reminger Co., LPA
Capitol Square Building
65 East State Street, 4th Floor
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   Plaintiff-appellant Soft Cloth, LLC appeals the April 29, 2015 Entry entered by the Guernsey County Court of Common Pleas, which granted defendant-appellee Dollar General Corporation's motion for summary judgment.

STATEMENT OF THE FACTS AND CASE

{¶2}   Soft Cloth is an Ohio Limited Liability Company which operates a 24 hour a day/seven day a week car wash located at 1704 Southgate Parkway, Cambridge, Ohio. At approximately 10 p.m. on June 2, 2013, a tractor hauling a trailer bearing the Dollar General logo struck a car wash bay at Soft Cloth's facility, causing significant damage.

{¶3}   On August 21, 2013, Soft Cloth filed a complaint, alleging Dollar General or its unknown agent failed to exercise due care in the operation of a tractor trailer, and seeking compensatory and punitive damages.  Dollar General filed a timely answer.  The matter proceeded through the discovery process.

{¶4}   The parties filed their respective motions for summary judgment on January 30, 2015. The substantive portions of the parties' argument in their motions for summary judgment focused on Dollar General's liability under the doctrine of respondent superior.

{¶5}   Via Judgment Entry filed April 29, 2015, the trial court granted summary judgment in favor of Dollar General.

{¶6}   It is from this judgment entry Soft Cloth appeals, raising as its sole assignment of error:

{¶7}   "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING DEFENDANT-APPELLEE, DOLLAR GENERAL CORPORATION'S

MOTION FOR SUMMARY JUDGMENT BASED WHERE A GENUINE ISSUE OF MATERIAL FACT REMAINED FOR DETERMINATION BY THE TRIER OF FACT."

*Summary Judgment*

**{¶8}** Civ. R. 56 states in pertinent part:

**{¶9}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶10}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 424 N.E.2d 311. The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable

substantive law. *Russell v. Interim Personnel, Inc.* (1999)*,* 135 Ohio App.3d 301, 733 N.E.2d 1186.

{¶11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 600 N.E.2d 791.

I

{¶13} In its sole assignment of error, Soft Cloth contends the trial court erred in granting summary judgment to Dollar General. Specifically, Soft Cloth argues the trial court improperly granted summary judgment on a ground not raised by Dollar General. We agree.

{¶14} In granting summary judgment in favor of Dollar General, the trial court found "both parties have vigorously argued their side of *respondent superior*. However,

there is no evidence that the tractor/trailer which was at [Soft Cell's] place of business actually caused the damage alleged." April 29, 2015 Entry.

{¶15} The Introduction to Dollar General's motion for summary judgment reads as follows:

According to Soft Cloth, a tractor hauling a trailer with Dollar General's name on the side of it negligently caused thousands in damage to the inside of its car wash during the night of Sunday June 2, 2013. But Soft Cloth failed to identify the driver of the tractor. Instead, it has improperly tried to shift its burden of proof to Dollar General based on nothing more than three fuzzy photographs from its video surveillance that purport to show - at most - that a trailer with Dollar General's name on the side was inside the car wash around the time of the alleged incident. But those photographs do not show damage being caused. Nor are the driver or the tractor even visible from them. Critically, Soft Cloth admits it does not know who was driving the tractor, whether the driver was an employee of Dollar General, who owned the tractor, or whether the trailer was hauling any merchandise much less Dollar General merchandise.

Dollar General's [sic] improper attempt to shift its burden of proof of identifying the driver of the tractor that caused the incident must be rejected. The undisputed evidence shows that Dollar General does not own the tractors used to haul its products from its Distribution Centers to its stores. The common carriers who own those tractors are independent contractors with exclusive control and direction over both the drivers and the tractors.

Dollar General cannot be liable for the alleged acts of an independent contractor driving a tractor it did not own. Even if the driver was an employee of Dollar General, Soft Cloth's claims still fail because the driver's alleged criminal conduct in the car wash was plainly outside the scope of his employment. For these reasons, Dollar General's Motion for Summary Judgment should be granted.

Motion for Summary Judgment at 2.

{¶16} Despite the one time reference to the "three fuzzy photographs" in the Introduction of its motion, we find the basis of Dollar General's motion for summary judgment was not causation, but rather liability. In the Law & Argument section of its motion, Dollar General asserted, "Soft Cloth's claims must be dismissed because: (1) Dollar General cannot be liable for the alleged acts of an independent contractor driving a tractor it did not own; and (2) even if the driver was an employee, his alleged criminal activity inside the car wash was outside the scope of employment." Motion for Summary Judgment at 9.

{¶17} Civ.R. 7(B)(1) provides: "[a]n application to the court for an order shall be by motion which * * * shall be made in writing. A motion * * * shall *state with particularity* the grounds therefor, and shall set forth the relief or order sought." (Emphasis added.) "It is reversible error to award summary judgment on grounds not specified in the motion for summary judgment." *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 2009-Ohio-1523, ¶¶ 26-28, 121 Ohio St. 3d 507, 513. "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow

the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus.

{¶18} By relying on a ground not argued by Dollar General, we find the trial court denied Soft Cloth a meaningful opportunity to respond to the issue of causation. We, therefore, conclude the trial court erred when it granted Dollar General's summary judgment upon a finding Soft Cloth did not establish causation. Soft Cloth's first assignment of error is sustained.

{¶19} The judgment of the Guernsey County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur