[Cite as *Daniel v. Ballitch*, 2019-Ohio-5181.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DONNA DANIEL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019 CA 0052 |
| HAROLD BALLITCH II, M.D., ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | OPINION |

(THE DONAHEY LAW FIRM)

Appellant

| CHARACTER OF PROCEEDING: | Civil appeal from the Richland County Court of Common Pleas, Case No. 2018 CV 0123 |
|---|---|
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | December 11, 2019 |

APPEARANCES:

For Donna Daniel

SARA NICHOLS
7650 Rivers Edge Drive
Suite 150
Columbus, OH 43235

For Intervenor-Appellant Donahey Law Firm

JAMES E. ARNOLD
115 West Main Street
4th Floor
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals the May 10, 2019 judgment entry of the Richland County Court of Common Pleas denying its motion to intervene.

*Facts & Procedural History*

{¶2} On February 14, 2018, appellee Donna Daniel filed a medical malpractice complaint against Harold Ballitch, II., M.D. and the Advanced Eye Care Clinic. Appellee filed an amended complaint on March 13, 2018. At the time appellee filed the complaint, her counsel worked at the Donahey Law Firm, the appellant in this case.

{¶3} On April 5, 2019, appellee filed a motion to enforce settlement. In her motion, appellee indicates the case had recently settled and the motion deals with appellant Donahey Law Firm trying to recover attorney fees from the settlement. Attached to the motion to enforce settlement is the affidavit of T. Jeffrey Beausay. He avers as follows: he was an independent contractor for appellant from 2001 until April of 2018 when he, Jacob Beausay, and Sara Nichols ("Nichols") separated from appellant and formed their own firm; he and Nichols were the only attorneys to work on appellee's case prior to April of 2018; and appellant filed a civil action in Franklin County against him, Nichols, Jacob Beausay, and the Beausay Law Firm.

{¶4} Also attached to the motion to enforce is the affidavit of Nichols. She states: when she initially began working on the case, she was affiliated with appellant's law firm; she separated from appellant's firm in April of 2018; appellee wanted her and Jeffrey Beausay to continue to represent her and signed a new fee agreement; appellee terminated her previous fee agreement with appellant; appellant has been fully reimbursed for case expenses advanced in connection with this case; and the only

attorneys to work on this case are herself and Jeffrey Beausay. Nichols attached to her affidavit the letter from appellee to appellant terminating the fee agreement with appellant.

{¶5} Also on April 5, 2019, Ballitch and the Advanced Eye Care Clinic filed a motion requesting the trial court set the matter for hearing to determine disbursement of settlement proceeds due to the lien appellant asserts on the settlement funds. Ballitch and the Advanced Eye Care Clinic sought instruction from the trial court as to where the funds should be deposited.

{¶6} Appellant filed a motion to intervene on April 8, 2019. Appellant asserts that, since it was former counsel for appellee and has an interest in a portion of the settlement proceeds, it has a right to intervene in the proceedings pursuant to Civil Rule 24(A). Appellee filed a memorandum in opposition to the motion to intervene on April 10, 2019. Appellee argued appellant is not entitled to a charging lien based upon case law and also stated appellant has sued counsel for appellee in Franklin County, making intervention in this case unnecessary. Appellee stated appellant has sued Beausay and Nichols in the Franklin County Court of Common Pleas, alleging breach of compensation agreement, quantum meruit, unjust enrichment, conversion of Donahey's client files, tortious interference with Donahey's business relationships, misappropriation of Donahey's trade secrets, promissory estoppel, and seeking injunctive relief.

{¶7} The trial court issued an order denying the motion intervene and ordering the disbursement of settlement funds. The trial court found the issue of whether appellant "is entitled to intervene in this case hinges on the question of whether the Donahey Law Firm LLC is entitled to any attorney's fees and/or reimbursement of expenses related to the period from August 27, 2017 through April 7, 2018" for the representation of appellee.

The trial court stated the affidavits attached to appellee's motion to enforce settlement establish that: Nichols and Beausay were the only attorneys that worked on appellee's case during the time in question; no other Donahey attorneys performed any work or had any involvement with the representation of appellee; the majority of the work was done after Nichols and Beausay separated from Donahey; Nichols and Beausay presented appellee options for future representation; appellee chose to continue her representation with Nichols and Beausay so she terminated her fee agreement with Donahey and executed a new fee agreement with Nichols and Beausay; and Beausay fully reimbursed Donahey for expenses advanced on the case up to the time of separation.

{¶8} The trial court found the *Hackett* cases analogous to this case and, pursuant to the authority in *Hackett*, found Ohio law puts a client's right to counsel of her choice above such concerns as the prior law firm's investments in the training and support of attorneys, or company overhead. *Hackett v. Moore*, 160 Ohio Misc.2d 107, 2010-Ohio-6298, 939 N.E.2d 1321 (Hamilton County Common Pleas); *Cincinnati Bar Assn. v. Hackett*, 129 Ohio St.3d 186, 2011-Ohio-3096, 950 N.E.2d 969. The trial court stated appellant did not provided any affidavit or other evidence to demonstrate any attorney fees or advances on expenses in this case remain unpaid such that appellant has a right to intervene in the action, whereas the affidavits of Nichols and Beausay demonstrate no fees or expenses remain due and owing to appellant.

{¶9} The trial court denied appellant's motion to intervene and found no part of the settlement in this case should be paid to appellant. Further, the trial court ordered the settlement check be made payable to appellee and Beausay Law Firm, LLC.

{¶10} Appellant appeals the judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING INTERVENOR-APPELLANT'S MOTION TO INTERVENE."

I.

{¶12} In its assignment of error, appellant argues the trial court abused its discretion in denying the motion to intervene because the trial court failed to apply Civil Rule 24(A) and instead made a premature determination of the purported merits of appellant's claim, even though the merits of the underlying claim are irrelevant to a determination of whether intervention should be allowed pursuant to Civil Rule 24(A).

{¶13} Appellee contends the order denying the motion to intervene is not a final appealable order and, alternatively, that the trial court properly denied the motion to intervene pursuant to the *Hackett* case.

{¶14} We must first determine whether the order under review is final and appealable. Under Section 3(B)(2), Article IV of the Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." *Gen Acc. Ins. Co. v. Ins. Co. of N. Am.* 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *Id.*

{¶15} To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides the following, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; * * *

{¶16} We find the Ohio Supreme Court's case of *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, instructive in this case. See also *State ex rel. Sawicki v. Court of Common Pleas of Lucas* County, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192 (reaffirming the holding in *Gehm* and holding the trial court's denial of the motion to intervene was not a final appealable order when it did not dispose of the merits of the case). In *Gehm*, the Ohio Supreme Court held that, "the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents the judgment." As a result, the Ohio Supreme Court held in *Gehm* that the denial of the motion to intervene was not a final appealable order. *Id.* Even though a motion to intervene is a right recognized by Civil Rule 24 and thus intervention constitutes a substantial right under R.C. 2505.02(A)(1), because the motion to intervene was denied, there was no order that had determined an action. *Id.*

{¶17} In this case, on January 14, 2019, appellant filed a civil action in the Franklin County Court of Common Pleas against counsel for appellee, the Beausay Law Firm, for the specific purpose of trying to recover attorney fees and expenses in all of the cases for which Beausay was responsible before and after the separation from appellant's firm in April of 2018. The Franklin County case encompasses all of the cases for which Nichols, Jeffrey Beausay, and Jacob Beausay were responsible for while associated with appellant, including this case. The allegations contained in the Franklin County complaint mirror those in the intervening complaint proposed by appellant in this case.

{¶18} Appellant's proposed intervening complaint in this case includes the following claims: breach of compensation agreement, quantum meruit, unjust enrichment, and promissory estoppel. Appellant's complaint in Franklin County against counsel for appellee includes the following claims: breach of compensation agreement, quantum meruit, unjust enrichment, conversion of appellant's client files, tortious interference with business relationships, misappropriation of trade secrets, and promissory estoppel. Pursuant to *Gehm*, the denial of the motion to intervene in this case is not a final appealable order because the purpose for which the intervention was sought may, and actually is, being litigated in another action. Thus, pursuant to R.C. 2505.02, there is no order in this case that determines the action and prevents a judgment. See *Jackson v. Proto Machine & MFG, Inc.*, 11th Dist. Portage No. 2013-P-0078, 2015-Ohio-1205; *Luna v. Allstate Ins. Co.*, 10th Dist. Franklin No. 07AP-430, 2007-Ohio-6597; *Schmidt v. AT&T, Inc.*, 8th Dist. Cuyahoga No. 94856, 2010-Ohio-5491; *State ex rel. Sawicki v. Court of Common Pleas of Lucas County*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192.

{¶19} Appellant cites to this Court's case of *McKinney v. Omni Die Casting*, 5th Dist. Stark No. 2016CA00150, 2016CA00152, 2017-Ohio-2949, in support of its argument that the denial of the motion to intervene is final and appealable. In *McKinney*, the Bureau of Worker's Compensation sought to intervene to assert its statutory right to subrogation. *Id.* No such statutory right of subrogation is at issue in this case. We find this case analogous to *Gehm* rather than *McKinney*, particularly since appellant has an action pending against counsel for appellee in the Franklin County Court of Common Pleas.

{¶20} Further, while appellant admits it has filed a lawsuit against counsel for appellee in another forum, it contends its right to immediately protect its interest in legal fees earned from the settlement in this case cannot be adequately protected in the Franklin County action. We disagree. As evidenced by the fact that the intervening complaint in this case contains the same allegations and causes of action as contained in the Franklin County complaint, appellant's interest can adequately be protected in the Franklin County action. *Luna v. Allstate Ins. Co.*, 10th Dist. Franklin No. 07AP-430, 2007-Ohio-6597 (holding when a former counsel for plaintiff seeks to be paid for services rendered to the plaintiff, the denial of a motion to intervene is not a final appealable order because the former counsel has the opportunity to litigate the quantum meruit claim for attorney fees in the future).

{¶21} Like the appellant in *Gehm,* appellant in this case contends because of the denial of the motion to intervene in this case and because the trial court discussed the merits of appellant's claims against counsel for appellee, appellant will be collaterally estopped from making these arguments in the Franklin County case. We disagree. As the Ohio Supreme Court stated in *Gehm*, and we specifically re-iterate here in this case, "when a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." Thus, because the trial court denied intervention in this case, appellant will not be estopped from litigating its claims in the Franklin County case. Further, to the extent that the trial court went beyond Civil Rule 24(A) and looked at the merits of appellant's claims in this case, based upon the holding in *Gehm*, the trial court's analysis and decision has no impact or preclusive effect on

appellant's rights in the Franklin County case and does not qualify as a decision on the merits in regards to collateral estoppel or res judicata.

{¶22} Accordingly, we find the trial court's denial of the motion to intervene in this case, since the purpose for which intervention is sought may and is being litigated in another action, is not a final appealable order.

{¶23} Because there is no final appealable order, this Court does not have jurisdiction to entertain appellant's appeal and the appeal is therefore dismissed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur