[Cite as *In re M.V.*, 2024-Ohio-618.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: M.V.

C.A. No.    2023CA0058-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2022 03 DE 0045

DECISION AND JOURNAL ENTRY

Dated: February 20, 2024

SUTTON, Judge.

{¶1} Appellant, S.S., appeals from a judgment of the Medina County Court of Common Pleas, Juvenile Division, that denied her motion to intervene in the dependency proceedings involving a half-sibling of her child. This Court affirms.

I.

{¶2} The child at issue in this case is M.V., born August 14, 2007. M.V.'s mother has been deceased for many years and the child's father ("Father") did not appeal from the trial court's judgment. Appellant S.S. was romantically involved with Father and is the mother of M.V.'s half-sibling, I.V.

{¶3} This case began on March 28, 2022, when Medina County Job and Family Services ("MCJFS") filed a complaint, alleging that M.V. was a dependent child. In a related case that is not part of the record in this appeal, MCJFS apparently also filed a complaint pertaining to I.V.

Nevertheless, there is nothing in the record in this case about I.V. or S.S. until S.S. moved to intervene as a party in this case more than one year later.

{¶4}    M.V. was later adjudicated a dependent child and placed in the temporary custody of MCJFS.  M.V.'s case proceeded forward for the next several months.  On February 28, 2023, MCJFS moved for permanent custody of M.V.

{¶5}    On June 22, 2023, 15 months after this case began and almost four months after MCJFS moved for permanent custody, S.S. filed a motion to intervene in this case.  There is nothing in the record to indicate that S.S. had attempted to have any involvement in this case prior to that time.  Her motion alleged that she had lived with Father and M.V. for a "substantial amount of time" and that, therefore, she stood in loco parentis to the child.  She did not explain why she had not moved to intervene in this case sooner.  A few weeks later, S.S. filed motions for legal custody of M.V. and to begin visitation with the child.

{¶6}    The trial court held a hearing on S.S.'s motion to intervene and, on July 31, 2023, denied the motion.  On August 7, 2023, S.S. timely appealed from the trial court's judgment denying her motion to intervene as a party to this case.

{¶7}    On appeal, S.S. has raised one assignment of error pertaining to the trial court's order denying her motion to intervene.  Because S.S. timely appealed from that order and raises one assignment of error that she supports with a legal argument, the relevant transcript, and other necessary materials in the appellate record, this Court will review the merits of that assigned error.

{¶8}    S.S's brief also includes a page that lists five different assignments of error, but she has not supported any of them with a legal argument.  Moreover, those assigned errors are not relevant to the hearing or order on S.S.'s motion to intervene.  Instead, they appear to apply to a judgment that S.S. filed, outside the record, to supplement her brief.  The order filed by S.S., if

authentic, indicates that, after S.S. filed her appeal, MCJFS apparently filed an alternative dispositional motion for M.V. to be placed in a planned permanent living arrangement ("PPLA"), and the trial court granted that motion following a hearing.

{¶9} This Court will not reach the merits of any challenges by S.S. to the PPLA placement. In addition to her failure to comply with the appellate rules pertaining to developing an argument in her brief, the record does not include relevant materials such as MCJFS's motion, the hearing transcript, or the judgment pertaining to the PPLA placement. *See* App.R. 16(A)(7); App.R. 16(D); App.R. 10(A). Moreover, because S.S. was not permitted to intervene as a party in this dependency case, her appeal is necessarily limited to the trial court's denial of her motion to intervene, not the merits of the ultimate decision in a case to which she was not a party. *See State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 18-20.

## II.

### ASSIGNMENT OF ERROR

> THE JUDGE'S DECISION WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶10} S.S.'s assignment of error is that the trial court erred in denying her motion to intervene in this dependency case. On appeal, S.S. argues that her motion to intervene should have been granted under either Civ.R. 24(A) or 24(B), but her argument to the trial court was premised only on Civ.R. 24(B). As S.S. has assigned error to the trial court's denial of her motion, this Court will confine its review to the Civ.R. 24(B) permissive intervention argument that she raised, and the trial court rejected.

{¶11} In relevant part, Civ.R. 24(B) provides:

> Upon *timely application* anyone *may be permitted* to intervene in an action: * * * when an applicant's claim or defense and the main action have a question of law or fact in common. * * * *In exercising its discretion* the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(Emphasis added.)

{¶12} By its explicit terms, Civ.R. 24(B) provides that, upon a "timely" request, the trial court "may" permit a party to intervene under certain circumstances. By its use of the term "may," coupled with its explicit reference to how the court should "exercis[e] its discretion," Civ.R 24(B) places the decision of whether to permit intervention within the sound discretion of the trial court. *See State v. Stutler*, 169 Ohio St.3d 639, 2022-Ohio-2792, ¶ 15, citing *United States v. Rogers*, 461 U.S. 677, 706, (1983) (The term "may" usually implies some degree of discretion, but reference should also be made to its use within the context of the surrounding language and other indications of the drafters' intent.)

{¶13} "In exercising its discretion," the trial court was required to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Civ.R. 24(B). The trial court explicitly considered that S.S. did not file her motion to intervene until this case had been pending for more than a year. The court emphasized that, by that late stage of the proceedings, a motion for permanent custody was pending and the parties were prepared to proceed to the final disposition of the case. The trial court explicitly concluded that allowing S.S. to intervene at that late stage of the proceedings would unduly delay and/or prejudice the adjudication of the rights of the parties, including the minor child. Consequently, it denied the motion.

{¶14} S.S. focuses her argument solely on whether she had stood in loco parentis to M.V. before the child's removal from the home. S.S. offers no explanation for why she did not seek to

intervene in this case earlier. In fact, she does not attempt to dispute the trial court's conclusion that her intervention 15 months into the proceedings would unduly delay and/or prejudice M.V.'s need for a legally secure permanent placement. Consequently, S.S. has failed to demonstrate an abuse of discretion by the trial court and her assignment of error is overruled.

III.

{¶15} The assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JESSICA A.L. CAMARGO, Attorney at Law, for Appellant.

MELISSA ZAWADSKI, Attorney at Law, for Appellee.

MARC STOLARSKY, Guardian ad Litem.