WILSON, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Wilson v. Ohio Dept. of Rehab. & Corr.* (1991), 73 Ohio App.3d 496.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–15.

Decided May 7, 1991.

*Pearly L. Wilson, pro se.*

*Lee I. Fisher,* Attorney General, and *John P. Reichley,* for appellee.

MARTIN, Judge.

Plaintiff-appellant, Pearly L. Wilson, appeals from the judgment of the Court of Claims, entered on December 14, 1990, which granted the defendant-appellee's cross-motion for summary judgment.

Two assignments of error are raised:

"(1) The Court of Claims of Ohio clearly abused its discretion when it denied plaintiff-appellant's motion for appointment of counsel holding that: a) the rules of this court do not provide a mechanism for such appointment; and b) that plaintiff has failed to show any 'exceptional circumstances' which would justify appointment of counsel.

"(2) The trial court had no jurisdiction to grant summary judgment because the court had not at that point determined whether it had jurisdiction over the subject matter or persons involved."

Plaintiff is an inmate of the Hocking Correctional Facility at Nelsonville, Ohio. On August 28, 1986, he filed suit in the United States District Court for the Southern District of Ohio, case No. C2–86–1046, seeking, *inter alia,* compensatory and punitive damages against that institution and the Ohio Department of Rehabilitation and Correction for alleged civil rights and constitutional violations. In that litigation, the defendant, by the Assistant Attorney General serving as its counsel, obtained and submitted to the federal court certain summaries of plaintiff's inmate medical records as related specifically to the allegations made by him in the federal suit.

On March 16, 1990, plaintiff filed a *pro se* complaint in the Court of Claims against the defendant seeking $750,000 in compensatory damages for invasion of privacy predicated upon the defendant's disclosure of his "privileged" medical records. With leave, defendant answered this complaint on June 8, 1990. On June 1, 1990, plaintiff moved for the appointment of counsel, which was denied by the lower court on July 2, 1990. Plaintiff appealed that order to this court on July 9, 1990, but we determined same to be "premature." Loc.App.R. 3(A).

On October 2, 1990, plaintiff filed a Civ.R. 56 motion for summary judgment, and his evidentiary materials in support thereof were filed on October 23, 1990. On October 15, 1990, the Court of Claims assigned this motion for nonoral hearing on October 31, 1990. On October 30, 1990, and within the time frame set by the trial court on October 15, 1990, defendant moved for leave to file its cross-motion for summary judgment *instanter* along with its opposition to plaintiff's motion. The trial court granted defendant's motion for leave on November 13, 1990 retroactive to October 30, 1990, and it re-assigned the nonoral hearing to November 21, 1990 on both parties' motions for summary judgment. Plaintiff's opposition to the defendant's cross-motion was filed November 5, 1990.

On December 14, 1990, the Court of Claims granted the defendant's cross-motion for summary judgment, essentially concluding that, upon undisputed facts, the plaintiff had failed to set forth a claim upon which relief could be granted and that defendant was entitled to a judgment as a matter of law. Following an unsuccessful effort at "reconsideration," the plaintiff filed this instant *pro se* appeal on January 3, 1991. Same has been assigned to the accelerated calendar.

█ In his first assignment of error, the plaintiff contends that he was entitled to the appointment of counsel for representation before the Court of Claims as a matter of right, and that the trial court abused its discretion in denying him counsel. We reject this assignment upon the authority of our prior decision in *Perotti v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio App.3d 86, 572 N.E.2d 172. *Sub judice*, plaintiff has not established a constitutional or statutory right to appointed counsel in a civil action.

The term "abuse of discretion" connotes more than an error of law or judgment, but, rather, it implies that a court's attitude is unreasonable, arbitrary, or unconscionable (*Martin v. Martin* [1985], 18 Ohio St.3d 292, 480 N.E.2d 1112). Given the record before us suggesting no "exceptional" circumstances exist (*Lassiter v. Dept. of Social Services* [1981], 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640; *Willett v. Wells* [C.A.6, 1979] 595 F.2d 1227,

applied), we find no abuse of discretion occurred (*Berk v. Matthews* [1990], 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308–1309).

The first assignment of error, accordingly, is overruled.

■ In his second assignment of error, plaintiff argues that the Court of Claims lacked "jurisdiction" to render summary judgment in defendant's behalf. In part, plaintiff contends that defendant never sought leave to file such motion and, therefore, the trial court lacked authority to rule upon it. Additionally, plaintiff contends that the defendant was not entitled to a judgment as a "matter of law."

The Court of Claims is a creature of statute (R.C.Chapter 2743), and the legislature has vested it with exclusive subject-matter jurisdiction over those civil actions against the state (including its various departments and agencies) which are permitted by the waiver of immunity of R.C. 2743.02. See R.C. 2743.03(A). The Rules of Civil Procedure, including those relative to summary judgment (Civ.R. 56), are expressly applicable to proceedings in the Ohio Court of Claims. R.C. 2743.03(D); Rule 1(A) of the Rules of the Court of Claims of Ohio. The record reflects that plaintiff properly invoked the general subject-matter jurisdiction of the Court of Claims by filing his complaint, and that the defendant was appropriately served with summons and process. Clearly, the trial court acquired jurisdiction over the subject matter and the parties, and that court also had jurisdiction to entertain summary judgment proceedings as a matter of its procedural authority. Contrary to plaintiff's assertions, the record is quite clear as well that defendant had moved on October 30, 1990 for leave to move for summary judgment *instanter*, which motion the trial court subsequently granted. Thus, the trial court had jurisdiction to address both summary judgment motions, and plaintiff's "jurisdictional" arguments lack merit.

■ As the trial court recognized, a cause of action for invasion of privacy may exist in certain circumstances from the unauthorized disclosure of one's personal medical records (*Knecht v. Vandalia Medical Center, Inc.* [1984], 14 Ohio App.3d 129, 131, 14 OBR 145, 146–147, 470 N.E.2d 230, 232; *Housh v. Peth* [1956], 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340). Indeed, even a prison inmate's personal medical records are qualifiedly protected from disclosure and are not "public" records *per se*. Ohio Adm.Code 5120–9–49(B)(2).

However, an inmate's right to privacy is not an absolute right nor necessarily equivalent to that of a non-incarcerated citizen. Ohio Adm.Code 5120–9–49(F) expressly provides that:

*"Non-public records of the department may*, in the sole discretion of the director, or designee, *be made available to * * * other persons with a need for access to such documents * * *."* (Emphasis added.)

Thus, the disclosure of medical information may be protected by a qualified privilege predicated upon a "need to know" or "need for access" basis (*Knecht, supra; Levias v. United Airlines* [1985], 27 Ohio App.3d 222, 225–226, 27 OBR 262, 265–267, 500 N.E.2d 370, 374–375).

*Sub judice*, plaintiff invited the disclosures of his prison medical records when, in the underlying federal litigation, he placed his medical history and/or condition at issue. Notwithstanding the fact plaintiff gave no permission for the disclosure of his institutional medical records by the defendant, the federal court had a compelling need to know, or need for access to, that information. Under those factual circumstances, we decline to find that defendant's limited disclosure to a court, the jurisdiction of which the plaintiff himself invoked, constitutes any invasion of privacy.

The undisputed facts, being construed as they must, most favorably for the plaintiff, could only result in the conclusion that judgment should be rendered in the defendant's behalf as a matter of law.

We note, however, that pursuant to Ohio Adm.Code 5120–9–49(F), a prison inmate, appearing as a *pro se* litigant, has a right to have his own medical records made available to him, upon a reasonable request therefor, if such records are necessary for the prosecution of his claims.

The second assignment of error is also overruled.

Both assignments of error having been overruled, the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

WHITESIDE and PETREE, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Common Pleas Court, sitting by assignment.