[Cite as *Daily Servs., L.L.C. v. Ohio Bur. of Workers' Comp.*, 2013-Ohio-5716.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Daily Services, LLC, | : | |
| Plaintiff-Appellant, | : | No. 13AP-509 |
| | | (C.P.C. No. 11CV-15913) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Bureau of Workers' Compensation, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 24, 2013

*Law Office of W. Evan Price II, LLC*, and *W. Evan Price, II*, for appellant.

*Porter, Wright, Morris & Arthur LLP, James A. King, David S. Bloomfield, Jr.*, and *Caitlin E. Chamberlin*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Daily Services, LLC ("Daily"), appeals from a judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Ohio Bureau of Workers' Compensation ("BWC"), summary judgment on Daily's claim for unjust enrichment. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} BWC is responsible for the collection, administration, and enforcement of the payment of workers' compensation premiums to the state insurance fund by employers. Daily provides temporary staffing services to businesses located in central Ohio. I-Force, LLC ("I-Force") formerly provided these same services, and both Daily and I-Force were owned by Ryan Mason.

{¶ 3}   In March 2009, I-Force's workers' compensation policy became delinquent. For I-Force's policy, the BWC certified two debt transactions for collection by the Ohio Attorney General.  The attorney general's office designated two collection accounts for the I-Force debt—account #7982177 and #7886021.  The attorney general's office recorded liens in the county recorder's office against I-Force in April 2009 (for account #7886021) and June 2009 (for account #7982177).  BWC also filed judgment liens against I-Force for these accounts on May 20, and June 25, 2009, in the Franklin County Court of Common Pleas ("common pleas court").

{¶ 4}   According to the affidavit of Barbara Ingram, the BWC's director of accounting, on May 22, 2009, BWC updated its system to reflect its determination that Daily was a successor to I-Force effective March 23, 2009.  Thus, BWC combined I-Force's workers' compensation policy into Daily's policy.  The result of this combination was BWC determined Daily was liable for all debt on I-Force's BWC policy.  In May and June 2009, BWC sent invoices to Daily assigning all delinquent premiums owed on the I-Force policy to Daily's policy.  The invoices indicated Daily was responsible for the premiums as I-Force's successor.  Daily protested this determination on June 15, 2009.

{¶ 5}   On September 1, 2009, BWC filed an action in common pleas court assigned case No. 09CVH-13229 against Mason, Daily, I-Force, and another staffing agency owned by Mason.  Also in September 2009, in connection with its combination of the I-Force policy into Daily's policy, BWC cancelled the two I-Force collection accounts by reducing the balance on these accounts to $0 and transferring the old balances to a new account certified for collection against Daily, account #8184884.  According to Ingram, because the I-Force collection account balances were $0, on September 25, 2009, BWC "automatically issued releases of the I-Force liens with both the Franklin County Court of Common Pleas and the Franklin County Recorder's Office."  (R. 117, exhibit B, Ingram affidavit, at ¶ 12.)

{¶ 6}   Two of these releases were journal entries filed in the common pleas court on October 13, 2009, one entry for each I-Force collection account.  The entries state BWC finds its judgment liens are "no longer to be considered in effect against the real and personal property of the above mentioned defendant," i.e., I-Force.  (Ingram affidavit, exhibit B-1.)  BWC instructed the clerk of courts, "upon the payment of the court costs to

enter satisfaction and discharge of the judgment of record."   (Exhibit B-1.)   Then, on November 6, 2009, BWC filed a judgment lien in another common pleas court case against Daily for over $54 million for collection in account #8184884.

{¶ 7}   On March 31, 2010, in Franklin C.P. No. 09CVH-13229, the common pleas court issued an agreed preliminary injunction pursuant to Civ.R. 65.  Paragraph 6 of the injunction states: "The Mason Companies shall make monthly payments in the amount of $35,000.00 toward past due premiums or claim costs owed beginning May 1, 2010."  (R. 5, exhibit No. 6, at ¶ 6.)  The defendants also agreed to refrain from other activities, such as transferring assets among themselves.  BWC agreed to "not seek to execute on existing liens it has against the Mason Companies as long as the payments referenced in paragraph 6, that arose from the liens, are being made on a timely basis."  (Exhibit No. 6, at ¶ 11.)

{¶ 8}   On July 13, 2010, BWC filed another judgment lien against Daily in the common pleas court for over $3 million.  On October 4, 2010, the common pleas court vacated that judgment lien.  Then, on February 8, 2011, the common pleas court vacated the $54 million judgment lien against Daily.  On February 18, 2011, BWC filed another judgment lien against Daily for over $3 million.  The parties engaged in additional proceedings regarding this lien and an Assessment Decision Judgment made by BWC. *See Ohio Bur. of Workers' Comp. v. Daily Servs., L.L.C.*, 10th Dist. No. 11AP-1122, 2012-Ohio-4242.

{¶ 9}   In March 2011, BWC voluntarily dismissed Franklin C.P. No. 09CVH-13229 under Civ.R. 41(A)(1)(a).  The defendants, including Daily, filed a motion under that case number for a return of $385,000, which they paid to BWC under the terms of the agreed injunction.  On August 16, 2011, the common pleas court denied the motion.  The court found it lacked jurisdiction to order return of the payments due to BWC's voluntary dismissal.  Additionally, the court found the defendants were not entitled to the return of funds under the terms of the injunction.  The court determined the injunction was "akin to a contract," and the defendants, including Daily, had "unequivocally agreed to pay $35,000 per month during the pendency of this case and that the payments were for premiums and claim costs owed and that the agreement between the parties contains no provision for the return of the money."  (R. 113, exhibit No. 15, at 3, 4.)

{¶ 10} On December 21, 2011, Daily filed the present case against BWC in Franklin C.P. No. 11CV-15913. Daily alleged a claim of unjust enrichment and sought a declaratory judgment. In its unjust enrichment claim, Daily alleged BWC's retention of the $385,000 in payments was without legal justification. Daily later filed a notice of voluntarily dismissal without prejudice of the declaratory judgment count. BWC submitted an answer and counterclaims.

{¶ 11} BWC filed a motion for summary judgment on Daily's unjust enrichment claim, and Daily filed a motion for summary judgment on its claim of unjust enrichment and BWC's counterclaims. In BWC's memorandum contra to Daily's motion for summary judgment and in BWC's reply to Daily's memorandum contra to BWC's motion for summary judgment, BWC specifically argued the doctrine of unjust enrichment could not apply because the payments at issue were made pursuant to a valid contract—the agreed injunction. In Daily's reply memorandum in support of its motion for summary judgment, Daily specifically addressed BWC's contentions by arguing the agreed injunction was not a contract for purposes of Daily's unjust enrichment claim.

{¶ 12} On May 15, 2013, the common pleas court granted BWC's motion for summary judgment on Daily's unjust enrichment claim and dismissed the complaint. The common pleas court rejected BWC's contention that the decision in Franklin C.P. No. 09CVH-13229 denying Daily's motion for return of the $385,000 in payments was dispositive of the issues in this case because of collateral estoppel or res judicata. Additionally, the common pleas court determined Daily's unjust enrichment claim lacked merit. The common pleas court found the agreed injunction was "akin to a contract." (R. 130, at 7.) Under that agreement, Daily "expressly agreed to make monthly payments in the amount of $35,000 toward past due premiums or claim costs." (R. 130, at 7.) The agreement contained no provision for the return of the money and, because Daily made the payments pursuant to the agreement, the court found Daily could not seek their return by alleging unjust enrichment. The court also granted Daily's motion for summary judgment in part, dismissing BWC's counterclaims. The court denied Daily's motion as to the unjust enrichment claim.

## II. ASSIGNMENTS OF ERROR

{¶ 13}   Daily appeals and presents this court with two assignments of error for our review:

> FIRST ASSIGNMENT OF ERROR: The Trial Court erred when it sua sponte granted summary judgment to Appellee Ohio Bureau of Workers' Compensation on Appellant Daily Services, LLC's unjust enrichment claim on a ground that was not argued in Appellee's Motion for Summary Judgment without notifying Appellant of the alternate ground under consideration and providing Appellant with an opportunity to provide evidence and argument in response.

> SECOND ASSIGNMENT OF ERROR: The Trial Court erred when it granted summary judgment to Appellee Ohio Bureau of Workers' Compensation and denied Appellant Daily Services, LLC's Motion for Summary Judgment on Appellant's unjust enrichment claim because the I-Force Satisfaction discharged I-Force's liability for unpaid premiums and claim costs so Appellee does not have any basis to retain the injunction payments intended to be applied "toward past due premiums and claim costs."

## III. DISCUSSION

### A. *First Assignment of Error*

{¶ 14} Under its first assignment of error, Daily contends the trial court erred when it "sua sponte" granted summary judgment to BWC on a ground not argued in BWC's motion for summary judgment. Specifically, Daily claims BWC never argued Daily could not recover the payments at issue under the doctrine of unjust enrichment because the payments were made pursuant to a contract, i.e., the agreed injunction. Daily complains the court denied it the opportunity to provide evidence and argument on that issue.

{¶ 15} "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. Therefore, it generally constitutes reversible error to award summary judgment on grounds not raised in a summary judgment motion or related summary judgment memoranda. *See State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 26-27.

{¶ 16} Admittedly, BWC did not explicitly argue in its motion for summary judgment that Daily's unjust enrichment must fail because the agreed injunction constituted a contract. However, BWC did make this argument in other summary judgment memoranda, and Daily addressed the issue in its reply memorandum in support of its motion for summary judgment. Therefore, contrary to Daily's contention, the trial court did grant BWC summary judgment on grounds argued by BWC, and Daily did have a meaningful opportunity to respond to BWC's argument. To the extent Daily challenges the merits of the court's summary judgment decision, we address that issue under the second assignment of error. Accordingly, we overrule Daily's first assignment of error.

B. *Second Assignment of Error*

{¶ 17} Under its second assignment of error, Daily contends the trial court erred when it granted summary judgment in favor of BWC on the unjust enrichment claim and denied Daily summary judgment on that claim.

{¶ 18} Appellate review of summary judgment is de novo, which necessitates an independent review of the record without deference to the trial court's decision. *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, ¶ 24; *Miller v. J.B. Hunt Transport, Inc.*, 10th Dist. No. 13AP-162, 2013-Ohio-3892, ¶ 20. Under Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party." *Brown v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 12AP-891, 2013-Ohio-4207, ¶ 20, citing *Stevens v. Ohio Dept. of Mental Health*, 10th Dist. No. 12AP-1015, 2013-Ohio-3014, ¶ 11, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 19} Unjust enrichment occurs when a person or entity retains money or benefits that in justice and equity belong to another. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶ 20, quoting *Hummel v. Hummel*, 133 Ohio St. 520, 528 (1938). The three requirements of an unjust enrichment claim are " '(1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to permit the defendant to retain the benefit without payment.' " *Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 25, quoting *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, ¶ 37 (10th Dist.). However, the doctrine of unjust enrichment "does not apply when a contract actually exists; it is an equitable remedy applicable only when the court finds there is no contract." *Corbin v. Dailey*, 10th Dist. No. 08AP-802, 2009-Ohio-881, ¶ 10, citing *Hummel* at 525-28.

{¶ 20} Here, Daily asserts it was entitled to summary judgment and BWC was not because the "I-Force Satisfaction," i.e., one of the entries BWC filed in the common pleas court on October 13, 2009,[1] "Discharged I-Force's Liability For Unpaid Premiums and Claim Costs So The BWC Does Not Have Any Basis To Retain The Injunction Payments." (Appellant's brief, at 37.) The assigned error does not explicitly challenge the trial court's finding that the agreed injunction constituted a contract. Nonetheless, Daily does argue under its first assignment of error that the I-Force Satisfaction "should have fatally undermined the trial court's conclusion that the Agreed Injunction constituted a valid contract that would have justified the BWC's retention of $385,000 in payments 'towards unpaid premiums and claim costs' supposedly owed by I-Force." (Appellant's brief, at 36-37.) So, despite the confusing nature of Daily's arguments, we will interpret its second assignment of error as a claim that the October 2009 entry precludes the agreed injunction from being a contract.

{¶ 21} It is " 'well-settled that "[a]n agreed judgment entry is a contract that is reduced to judgment by a court." ' " *Padgett v. Padgett*, 10th Dist. No. 08AP-269, 2008-Ohio-6815, ¶ 28, quoting *Nunnari v. Paul*, 6th Dist. No. L-06-1281, 2007-Ohio-5591, ¶ 16, quoting *Sovak v. Spivey*, 155 Ohio App.3d 479, 2003-Ohio-6717, ¶ 25 (7th Dist.). Nonetheless, Daily argues the October 2009 entry BWC filed eliminated any debt I-Force owed BWC. Daily argues BWC could, therefore, not collect the discharged debts from I-

---

[1] *See* Franklin C. P. No. 09JG-26920.

Force or from Daily. Daily suggests the October 2009 entry somehow precludes the agreed injunction from being a contract but cites to no legal authority in support of its position. Instead, Daily argues "[t]he principal that a party cannot enforce or otherwise resurrect an obligation reduced to a judgment *after* a satisfaction has been filed is so axiomatic that no Ohio statutes or cases even address the issue apart from noting that fraudulently filed satisfactions of judgment are void and can be set aside." (Emphasis sic.) (Appellant's brief, at 39.)

{¶ 22} Daily's claim lacks merit. According to Ingram's affidavit, BWC determined Daily was liable for I-Force's debt by May 22, 2009. BWC sent invoices to Daily for I-Force's debt in May and June 2009. Daily received these invoices (i.e., Daily had to receive the invoices to protest them). In addition, in September 2009, BWC transferred the balances of the I-Force collection accounts into an account certified for collection against Daily. Thus, BWC determined Daily was liable for I-Force's debt before BWC filed the October 2009 entry. Even if the entry discharged any liability I-Force had to BWC, the entry says nothing about Daily and does not purport to discharge any responsibility Daily had to pay I-Force's unpaid premiums. Thus, we fail to see how the entry precluded Daily and BWC from entering into a valid contract, i.e., the agreed injunction.

{¶ 23} Because Daily made the payments at issue pursuant to a contract, i.e., the agreed injunction, it cannot recover them under the doctrine of unjust enrichment. No genuine issue of material fact exists, and the trial court correctly determined, viewing the evidence most strongly in Daily's favor, that BWC was entitled to judgment as a matter of law on the unjust enrichment claim. Accordingly, we overrule Daily's second assignment of error.

## IV. CONCLUSION

{¶ 24} Having overruled Daily's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____