[Cite as *Elkins v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2786.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Clarence Elkins, Sr., | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-856 |
| v. | : | (Ct.Cl. No. 2013-00020) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

# D E C I S I O N

### Rendered on June 26, 2014

*Black, McCuskey, Souers & Arbaugh, LPA, Gordon D. Woolbert, II*, and *Whitney L. Willits*, for appellant.

*Michael DeWine*, Attorney General, *Frank S. Carson* and *Peter E. DeMarco*, for appellee.

### APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Clarence Elkins, Sr. ("appellant"), appeals from a judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), on appellant's claims for unauthorized disclosure of his medical records, invasion of privacy, and intentional infliction of emotional distress. For the following reasons, we reverse.

{¶ 2} Appellant was convicted in 1999 on multiple felony charges and sentenced to life imprisonment. He was subsequently exonerated and released from prison. *See Elkins v. Summit Cty*, 615 F.3d 671, 673-74 (6th Cir.2010). Appellant then sought and obtained a declaration that he was a wrongfully imprisoned individual. As a result of the

wrongful imprisonment, appellant received financial settlements from the state of Ohio and the city of Barberton, Ohio. Appellant's former wife, Melinda, and his son, Clarence Elkins, Jr. ("Clarence Jr."), also received financial settlements arising from appellant's wrongful imprisonment.

{¶ 3} Prior to receiving the financial settlements, Melinda and Clarence Jr. had filed for bankruptcy. After Melinda and Clarence Jr. received the proceeds from their settlement with the city of Barberton, the federal government made a claim against their bankruptcy estates for unpaid taxes on the settlement funds. As part of the bankruptcy action, the Tax Division of the United States Department of Justice issued a subpoena to ODRC requesting production of copies of documents related to medical treatment appellant received while incarcerated (the "DOJ subpoena"). ODRC responded to the DOJ subpoena by providing copies of the requested medical records.

{¶ 4} Appellant filed a complaint against ODRC in the Court of Claims, asserting four causes of action: (1) unauthorized disclosure of privileged records in violation of R.C. 2317.02 and 4732.19, (2) unauthorized disclosure of nonpublic medical information, (3) invasion of privacy, and (4) intentional infliction of emotional distress. ODRC moved for summary judgment, arguing that it was authorized to release appellant's medical records under a provision of the Ohio Administrative Code, and that the Court of Claims lacked jurisdiction over appellant's claim for invasion of privacy. The trial court granted ODRC's motion for summary judgment, concluding that there were no genuine issues of material fact and ODRC was entitled to judgment as a matter of law on all of appellant's claims.

{¶ 5} Appellant appeals from the trial court's judgment, assigning four errors for this court's review:

> 1. The trial court erred as a matter of law by granting summary judgment to Defendant-Appellee ODRC on Plaintiff-Appellant Elkins' First Cause of Action when ODRC did not address Elkins' First Cause of Action in its Motion for Summary Judgment.
>
> 2. The trial court erred as a matter of law by granting summary judgment to ODRC on Elkins' Second Cause of Action on grounds not addressed by either party below and by wrongfully applying federal law and eviscerating Ohio's

independent tort for the wrongful disclosure of medical and/or mental health records.

3. The trial court erred as a matter of law by granting summary judgment to ODRC on Elkins' Third Cause of Action on grounds not addressed by either party below and by incorrectly characterizing the cause of action as one solely based on the public disclosure tort for invasion of privacy.

4. The trial court erred as a matter of law by granting summary judgment to ODRC on Elkins' Fourth Cause of Action, as the determination of the Fourth Cause of Action is inextricably linked to the trial court's errors in deciding Elkins's First and Second Causes of Action.

{¶ 6} We review a grant of summary judgment de novo. *Capella III, L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State,* 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9 (internal citations omitted). Summary judgment is appropriate where "the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. Therefore, we undertake an independent review to determine whether ODRC was entitled to judgment as a matter of law on appellant's claims.

{¶ 7} In his first assignment of error, appellant asserts that the trial court erred by granting summary judgment on his claim for unauthorized disclosure of privileged records in violation of R.C. 2317.02 and 4732.19. The trial court concluded that the statutes appellant cited created evidentiary privileges, not a statutory remedy giving rise to a claim for monetary damages. The court further concluded that, because ODRC produced appellant's medical records in the course of a bankruptcy proceeding in federal

court, federal law governed the relevant evidentiary privileges. Appellant claims that the trial court erred by granting summary judgment on these grounds because ODRC did not assert them in its motion for summary judgment.

{¶ 8}   "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. The Supreme Court of Ohio has held that granting summary judgment based on an argument not raised in the motion for summary judgment constitutes reversible error because the court has denied the opposing party a meaningful opportunity to respond. *State ex rel. Sawicki v. Ct. of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 27. Consistent with this reasoning, we have previously reversed summary judgment decisions based on arguments not asserted by the moving party. *See Carter v. Vivyan*, 10th Dist. No. 11AP-1037, 2012-Ohio-3652, ¶ 25 ("By raising for the first time in their reply memorandum the argument about expert testimony to establish the standard of care, defendants did not afford plaintiff a meaningful opportunity to respond to their standard of care argument."); *Functional Furnishings, Inc. v. White*, 10th Dist. No. 06AP-614, 2007-Ohio-3284, ¶ 13 (concluding that trial court erred by granting summary judgment based on theories of mutual or unilateral mistake because they were not raised in the motion for summary judgment, nor addressed by parties in supporting briefs and materials). *Compare Daily Servs., L.L.C. v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-509, 2013-Ohio-5716, ¶ 16 (concluding that trial court granted summary judgment based on grounds argued by the moving party despite the fact that it was not explicitly argued in the motion for summary judgment because the argument was raised in other summary judgment memoranda and the nonmoving party addressed it in its reply memorandum).

{¶ 9}   In its brief on appeal, ODRC argues that any statutory claim asserted in appellant's first cause of action is subsumed within the independent tort claim of unauthorized disclosure of nonpublic medical information recognized by the Supreme Court of Ohio in *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395 (1999). ODRC argues that, therefore, by addressing appellant's second cause of action, which asserted a claim for unauthorized disclosure under *Biddle*, it effectively addressed the first cause of action.

However, ODRC did not assert this argument in its motion for summary judgment filed below. In fact, ODRC's motion for summary judgment does not contain any direct reference to either of the two statutory provisions asserted as the basis for appellant's first cause of action. Further, although ODRC generally asserted in its answer to the complaint that appellant failed to state a claim upon which relief could be granted, it did not move to dismiss appellant's first cause of action on this basis. ODRC also did not argue in its motion for summary judgment that federal law or the federal rules of evidence authorized the release of appellant's medical records.

{¶ 10} The trial court did not conclude that any statutory claim was subsumed within an unauthorized disclosure claim under *Biddle*. Rather, the trial court held that the statutes appellant relied on did not create a cause of action for relief and that federal law governed any issues of evidentiary privilege. Because these arguments were not asserted in ODRC's motion for summary judgment, appellant was denied a meaningful opportunity to respond to them. *See Sawicki* at ¶ 27. Therefore, the trial court erred by granting summary judgment on the first cause of action on these grounds.

{¶ 11} Accordingly, we sustain the first assignment of error.

{¶ 12} In his second assignment of error, appellant asserts that the trial court erred by granting summary judgment on his claim for unauthorized disclosure of medical records by improperly applying federal law. Similar to its reasoning with respect to the first cause of action, the trial court concluded that, because the disclosure of appellant's medical records occurred within the context of a bankruptcy proceeding in federal court, federal rules of evidence applied. The court held that federal law authorized the release of appellant's medical records. As explained above, ODRC did not argue in its motion for summary judgment that federal law or the federal rules of evidence permitted the release of appellant's medical records. By relying on an argument not asserted in ODRC's motion for summary judgment, the trial court denied appellant a meaningful opportunity to respond. *See Sawicki* at ¶ 27.

{¶ 13} In addition to holding that the disclosure was authorized under federal law, the trial court further concluded that ODRC's release of appellant's medical records was authorized under a provision of the Ohio Administrative Code. In *Biddle*, the Supreme Court of Ohio held that there is an independent tort for the "unauthorized, unprivileged

disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship." *Biddle* at paragraph one of the syllabus. The court further held that, absent prior authorization, "a physician or hospital is privileged to disclose otherwise confidential medical information in those special situations where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest that outweighs the patient's interest in confidentiality." *Id.* at paragraph two of the syllabus. Citing this court's decisions in *Wilson v. Ohio Dept. of Rehab. & Corr.*, 73 Ohio App.3d 496 (10th Dist.1991), and *Hunt v. Ohio Dept. of Rehab. & Corr.*, 77 Ohio App.3d 804 (10th Dist.1991), the trial court held that Ohio Adm.Code 5120-9-49(F) authorized disclosure of appellant's records in response to the DOJ subpoena.

{¶ 14} Ohio Adm.Code 5120-9-49 governs the records created and kept by ODRC. The rule specifies that certain records created or kept by ODRC are not public records, including "[m]edical records that pertain to the medical history, diagnosis, prognosis, or medical condition of an inmate and that is generated and maintained in the process of medical treatment." Ohio Adm.Code 5120-9-49(B)(2). The rule further provides that "[n]on-public records of [ODRC] may, in the sole discretion of the director, or designee, be made available to counsel of record of an inmate or releasee, researchers, law enforcement agencies, or other persons with a need for access to such documents, subject to other restrictions on such access as may be provided by law." Ohio Adm.Code 5120-9-49(F).

{¶ 15} In *Wilson*, the plaintiff filed suit in federal court alleging civil rights and constitutional violations against ODRC. As part of that litigation, ODRC obtained and submitted to the federal court summaries of the plaintiff's inmate medical records that related specifically to the allegations asserted in his federal lawsuit. *Wilson* at 497. The plaintiff then filed suit in the Court of Claims against ODRC, alleging invasion of privacy based on the release of his medical records. The Court of Claims granted summary judgment in favor of ODRC. *Id.* at 498. On appeal, this court affirmed the summary judgment decision, citing Ohio Adm.Code 5120-9-49(F) and concluding that "the disclosure of medical information may be protected by a qualified privilege predicated upon a 'need to know' or 'need for access' basis." *Id.* at 500. Because the plaintiff had

invoked the jurisdiction of the federal court by filing a lawsuit against ODRC and placed his medical history at issue, the federal court "had a compelling need to know, or need for access to" information contained in his medical records. *Id.* Therefore, ODRC's limited disclosure of summaries of the plaintiff's medical records did not constitute an invasion of his privacy. *Id.*

{¶ 16} Similarly, in *Hunt*, the plaintiff sued ODRC in the Court of Claims, asserting that his medical records were improperly used as part of a summary judgment motion filed in federal court. The plaintiff claimed that a healthcare administrator at an ODRC facility and an assistant attorney general improperly invaded his privacy by accessing his medical records. *Hunt* at 805. ODRC filed affidavits asserting that, in order to analyze the plaintiff's claim in the federal litigation and prepare a motion for summary judgment, it was necessary for the healthcare administrator to provide a summary of the plaintiff's medical records to the assistant attorney general representing ODRC. *Id.* at 805-06. The Court of Claims granted summary judgment in favor of ODRC. On appeal, this court affirmed. Once again citing Ohio Adm.Code 5120-9-49(F), this court determined that the affidavits filed by ODRC demonstrated that the healthcare administrator had a valid reason to believe that the assistant attorney general had a need to know about the plaintiff's medical records in order to evaluate his claims. *Id.* at 807.

{¶ 17} The present case is distinguishable from *Wilson* and *Hunt*. Unlike those cases, here appellant did not invoke the jurisdiction of the federal bankruptcy court. Rather, the bankruptcy action was initiated by appellant's ex-wife and son. Appellant asserts that he was not aware of the DOJ subpoena until after ODRC produced his medical records in response to the subpoena. Thus, this was not a case where appellant placed his medical records at issue by seeking to recover compensation from ODRC.

{¶ 18} Moreover, as the party seeking summary judgment, ODRC bears the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. It is undisputed that appellant did not authorize the release of his medical records. Therefore, ODRC must demonstrate it was privileged to release those records under a statutory mandate or common law duty or that the disclosure was necessary to protect a countervailing interest that outweighed appellant's interest in confidentiality. *Biddle* at paragraph two of the syllabus.

{¶ 19} ODRC asserted that appellant's medical records were released pursuant to its discretionary authority under Ohio Adm.Code 5120-9-49(F). In support of its motion for summary judgment, ODRC presented an affidavit from T. Clark ("Clark"), a staff counsel for ODRC. In the affidavit, Clark attested that ODRC "appropriately reasoned that the United States Department of Justice needed access [to appellant's] medical records because it issued a subpoena requesting those records." (Clark Affidavit, 1.) In effect, Clark's affidavit asserts that ODRC determined that the DOJ had a need for access to appellant's medical records simply because it requested them. There was no additional evidence regarding ODRC's decision to produce appellant's medical records. Although it is clear that Ohio Adm.Code 5120-9-49(F) grants the director of ODRC discretionary authority to release nonpublic records, including inmate medical records, such authority must be appropriately exercised. The conclusory statement contained in Clark's affidavit is insufficient to demonstrate that there is no genuine issue of material fact as to the legal question of whether ODRC properly exercised its discretionary authority under Ohio Adm.Code 5120-9-49(F). *See, e.g., McGraw v. Pilot Travel Ctrs., L.L.C.*, 10th Dist. No. 11AP-699, 2012-Ohio-1076, ¶ 24 (concluding that conclusory statements made in an affidavit failed to establish that an individual was the affiant's employment supervisor without corresponding evidence as to how he controlled her conditions of employment). Construing the evidence in appellant's favor, we cannot conclude that reasonable minds can only come to the conclusion that ODRC appropriately exercised its discretion by producing appellant's medical records. Therefore, ODRC was not entitled to summary judgment on appellant's claim for unauthorized disclosure of his nonpublic medical information.

{¶ 20} Accordingly, we sustain appellant's second assignment of error.

{¶ 21} Appellant's third assignment of error asserts that the trial court erred by granting summary judgment on his claim for invasion of privacy. The trial court concluded that ODRC was entitled to summary judgment because appellant failed to allege or provide evidence of publication of his private affairs to the public at large or publication substantially certain to become public knowledge. However, in its motion for summary judgment, ODRC only argued that the Court of Claims lacked jurisdiction over the invasion of privacy claim because it was a constitutional claim. Thus, once again, the

trial court granted summary judgment on a basis not asserted by ODRC in its motion for summary judgment. Tellingly, in its brief on appeal, ODRC continues to press the lack of jurisdiction argument and does not address the merits of the court's summary judgment decision as to this claim. ODRC did not raise the issue of failure to demonstrate publication of appellant's private affairs in its motion for summary judgment; therefore, appellant was not put on notice of the need to address this issue in his response, and the trial court denied him an opportunity to respond by relying on it as the basis for summary judgment. *See Sawicki* at ¶ 27.

{¶ 22} Further, assuming for purposes of analysis that ODRC was correct that the Court of Claims lacked jurisdiction over appellant's invasion of privacy claim, the proper remedy would have been for the court to dismiss that claim, not to grant summary judgment in favor of ODRC. By granting summary judgment on appellant's third cause of action, the trial court effectively exercised jurisdiction over the claim, which is inconsistent with ODRC's argument that the court lacked jurisdiction. *See Scott v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-755, 2013-Ohio-4383, ¶ 22 ("Because a grant of summary judgment is a disposition on the merits, it is inconsistent with a lack of jurisdiction in the court issuing such a judgment. * * * Once it decided that it lacked jurisdiction over this aspect of the inmates' complaints, the only course open to the Court of Claims was to dismiss these claims without prejudice.").

{¶ 23} Accordingly, we sustain appellant's third assignment of error.

{¶ 24} In his fourth assignment of error, appellant asserts that the trial court erred by granting summary judgment on his claim for intentional infliction of emotional distress. The trial court concluded that ODRC could not be held liable for intentional infliction of emotional distress because it was entitled to produce appellant's medical records under Ohio Adm.Code 5120-9-49(F). As explained above, however, we conclude that ODRC failed to demonstrate that there was no genuine issue of material fact as to whether it properly exercised its discretionary authority by producing appellant's medical records. Therefore, the trial court erred by granting summary judgment on appellant's fourth cause of action.

{¶ 25} Accordingly, we sustain appellant's fourth assignment of error.

{¶ 26} For the foregoing reasons, we sustain appellant's four assignments of error, reverse the judgment of the Court of Claims of Ohio, and remand the matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

BROWN and O'GRADY, JJ., concur.

_____