[Cite as *Woods v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-1022.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey Woods, | : | |
| Plaintiff-Appellant, | : | No. 16AP-81 |
| | | (Ct. of Cl. No. 2015-00059) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Ohio Department of Rehabilitation and Correction]/Marion Correctional Institution, | : | |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 21, 2017

**On brief:** *Jeffrey Woods*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Jeffery Woods, plaintiff-appellant, appeals from an entry of the Court of Claims of Ohio in which the court transferred to the administrative docket the case he filed against the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

{¶ 2} Appellant is an inmate at Marion Correctional Institution ("MCI"). On January 26, 2015, appellant filed an action in the Court of Claims against ODRC, alleging that five employees of ODRC wrongly withdrew funds from his inmate account after they made him believe he owned $167 in filing fees related to a prior action in the common

pleas court. He also claimed the employees withdrew the funds as retaliation based on his underlying criminal convictions for sex-related crimes. Appellant claimed damages of $2,500 from each of the five employees.

{¶ 3}   On August 31, 2015, ODRC filed a motion for judgment on the pleadings arguing the Court of Claims did not have jurisdiction over claims concerning conditions of confinement. The Court of Claims granted ODRC's motion, in part, and dismissed the claims relating to retaliation, but did not dismiss the claims relating to the alleged removal of funds from appellant's inmate account.

{¶ 4}   On November 24, 2015, ODRC filed a motion to transfer appellant's case to the Court of Claims' administrative docket asserting the amount of money appellant claimed had been taken from his account was, at most, $167, and R.C. 2743.10(A) requires claims against the state for $10,000 or less to be determined administratively by the clerk of the Court of Claims. On January 6, 2016, the court issued an entry in which it granted ODRC's motion to transfer the case to the administrative docket.   Appellant appeals the Court of Claims' entry, asserting the following assignment of error:

> The Trial Court Err[ed] by Transferring The Civil Complaint To The A[d]ministrative Docket R.C. 2743.10(A) W[h]ereas Administrative Clerk Does No[t] Have Subject Matter Jurisdiction To Determine The Civil Complaint In Violation of R.C. 2743.03.

{¶ 5}   Before addressing appellant's assignment of error, we must address ODRC's contention that the Court of Claims' entry was not a final, appealable order.   Article IV, Section 3(B)(2), Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. " 'A final order * * * is one disposing of the whole case or some separate and distinct branch thereof.' " *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). An appellate court must dismiss an appeal taken from an order that is not final and appealable. *Farmers Mkt. Drive-In Shopping Ctrs. v. Magana*, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶ 10, citing *Renner's Welding & Fabrication, Inc. v. Chrysler Motor Corp.*, 117 Ohio App.3d 61, 64 (4th Dist.1996).

{¶ 6}   The Supreme Court of Ohio has set forth a two-step analysis for determining whether an order is final and appealable. *Gen. Acc. Ins. Co. v. Ins. Co. of*

*North Am.*, 44 Ohio St.3d 17, 21 (1989). First, the appellate court must determine whether the order constitutes a final order as defined by R.C. 2505.02. *Id.* If the order is final under R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies. *Id.* Civ.R. 54(B) provides, in part, as follows:

> In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, if Civ.R. 54(B) language is required, the court must determine whether the order contains a certification that "there is no just reason for delay." Where an order adjudicates fewer than all claims in a case, it must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) to be final and appealable. *Noble* at syllabus.

{¶ 7} For purposes of Civ.R. 54(B) certification, the trial court makes a factual determination of whether or not an interlocutory appeal is consistent with the interests of sound judicial administration. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352 (1993), paragraph one of the syllabus. An appellate court reviews these findings under a competent, credible evidence standard, *see Hausman v. Dayton*, 2d Dist. No. 13647 (Dec. 22, 1973), *rev'd on other grounds*, 73 Ohio St.3d 671 (1995), with the focus being whether the court's determination serves judicial economy at the trial level. *Wisintainer* at 355. While this is a very deferential standard, and appellate courts have been reluctant to strike such a certification, the trial court's use of the "magic language" of Civ.R. 54(B) does not, by itself, convert a final order into a final, appealable order. *See Ralston v. Scalia*, 5th Dist. No. CA-9344 (Jan. 10, 1994) (appeal dismissed for lack of final, appealable order notwithstanding the presence of no just reason for delay language).

{¶ 8} R.C. 2505.02(B) defines "final orders" as, among other things: (1) "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). For an order to determine an action and

prevent a judgment for the party appealing, the order " 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).

{¶ 9}   Here, the Court of Claims has not addressed any of the merits of the case relating to appellant's claim that five employees of ODRC withdrew money from his inmate account. The court merely transferred the matter to the administrative docket. The court's action did not affect a substantial right that determined the action or prevented a judgment for appellant. R.C. 2743.10(A) requires the clerk of courts to determine the case administratively. After the clerk of courts issues a decision, R.C. 2743.10(D) permits a party to file a motion requesting that the Court of Claims review the determination of the clerk. R.C. 2743.10(D) further provides that the judgment of the Court of Claims is not subject to further appeal.

{¶ 10} Here, the clerk of court's administrative determination will resolve appellant's current argument as to the proper amount of his claim. Whether appellant's action was under the $10,000 threshold, as the court found, or above the $10,000 threshold, as appellant claims, will be apparent by the clerk of court's decision. After the clerk's determination, on motion by either party, the Court of Claims will then be required to review the administrative determination.  The Court of Claims "is a creature of statute," *Wilson v. Ohio Dept. of Rehab. & Corr.*, 73 Ohio App.3d 496, 499 (10th Dist.1991), and appellant's review and exclusive remedy lay with, and is confined to, the statutory process set forth in R.C. 2743.10. For these reasons, we find the entry issued by the Court of Claims transferring the matter to the clerk of courts for an administrative determination was not a final, appealable order.

{¶ 11} Accordingly, we dismiss appellant's appeal for lack of a final, appealable order.

*Appeal dismissed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____